UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

         Plaintiff,       <u>Memorandum & Order</u>
                       CR-05-0425 (JBW) (JMA)

 -against-

DOMINICK PIZZONIA,

         Defendant.
----------------------------------------------------------------X
A P P E A R A N C E S:

Mitra Hormozi, Esq.
Winston Chan, Esq.
United States Attorneys Office
1 Pierrepont Plaza
15th Floor
Brooklyn, NY 11201
Attorneys for the Government

Joseph R. Corozzo, Jr., Esq.
Rubinstein & Corozzo LLP
260 Madison Avenue
New York, NY 10016
Attorney for Defendant

AZRACK, United States Magistrate Judge:

  On September 22, 2005, defendant Dominick Pizzonia was arraigned before me on charges of racketeering and murder. The government moved for a permanent order of detention based on grounds that defendant poses both a danger to the community and a risk of flight, and the matter was adjourned to September 30 for a bail hearing. At the hearing defendant Pizzonia proposed a substantial bail package secured by property and numerous conditions of release. For the foregoing

reasons, I reject defendant's bail package and proposed conditions of release and grant the government's motion for a permanent order of detention.

The Bail Reform Act authorizes pretrial detention upon the court's finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142 (e). Pretrial detention is authorized only when the defendant is accused of certain offenses, including crimes of violence as defined in the Bail Reform Act, 18 U.S.C. §§ 3142(f)(1), 3156 (a)(4), or where there is a serious risk that the defendant will flee or obstruct or attempt to obstruct justice, 18 U.S.C. § 3142 (f) (2).

In this case, defendant Pizzonia is charged in a superseding indictment of a racketeering conspiracy in violation of 18 U.S.C. § 1962 (d). As part of the racketeering conspiracy, defendant Pizzonia is charged with predicate acts of conspiracy to murder, under N.Y. PENAL LAW §§ 125.25(1), 105.15 (McKinney 2004), murder, under N.Y. PENAL LAW §§ 125.25(1), and loansharking relating to extortionate extensions and collections of credit under 18 U.S.C. § 894 (a) (1)-(2), 892 (a). In addition, the government advised the Court that evidence from an ongoing investigation has linked defendant to an additional uncharged murder (Sept. 22, 2005 Mot. for Permanent Order of Detention, at 4).

In determining whether there are conditions of release that will reasonably assure the safety of any other person and the community, the court is required by statute to consider information regarding : (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142 (g). A finding of dangerousness must be supported by clear and convincing evidence. United States

v. Rodriguez, 950 F.2d 85 (2d Cir. 1991); 18 U.S.C. § 3142 (f). However, that evidence may be supplied through proffers and hearsay information, and the rules of evidence do not apply. United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995). The indictment accuses Mr. Pizzonia of having participated in the commission of multiple offenses involving murder and extortion, which are crimes of violence within the meaning of the Bail Reform Act. See United States v. DiGiacomo, 746 F. Supp. 1176, 1185 (D. Mass. 1990) (loansharking a "crime of violence" for Bail Act purposes); United States v. Salerno, 631 F. Supp. 1364, 1371-72 (S.D.N.Y. 1986) (bail denied in part due to indictment for murder).

Defendant has proposed an elaborate bail package, which includes almost three million dollars secured by the properties and homes of his family and friends.[1] Additionally, defendant consents to electronic monitoring and home detention. At the bail hearing, defendant's counsel proffered that the defendant would leave his home only in the event of a medical emergency and with the consent of pre-trial services. While, the Second Circuit has rejected equally elaborate bail packages from dangerous defendants who are alleged to be members of organized crime, this court might have been persuaded to consider the defendant's proffered bail package had certain activities during defendant's previous release on bail not been brought to the Court's attention. See, e.g., United States v. Ciccone, 312 F.3d 535, 543 (2d Cir. 2002) (rejecting $1 million bail secured by real property); United States v. Orena, 986 F.2d 628, 630-33 (2d Cir. 1993) (rejecting $3 million bail

---

[1] Defendant's brother has offered to put up his residence, which has a total equity of $445,000. Defendant's wife has offered to put up the home she inherited from her father, which has a total equity of $515,086.91. Defendant's son has offered to put up the house in which he resides with his wife and three small children, which has a total equity of $499,323.80, and an investment property, which has a total equity of $409,633.36. Defendant's daughter-in-law has offered an investment property, with a total equity of $430,452.21. Defendant's long-time family friends have also offered their family home, which has a total equity of $563,000.

secured with real property, in-home detention, restricted visitation and telephone calls, and electronic monitoring); United States v. Colombo, 777 F.2d 96, 97-100 (2d Cir. 1985) (rejecting $500,000 bail secured with real property).

This is not defendant's first interaction with the criminal justice system. Four and a half years ago defendant was indicted in this District, among other charges, on two counts of loansharking. On April 25, 2001, defendant appeared before Magistrate Judge Cheryl L. Pollak for arraignment. Defendant pled not guilty and was released on a $400,000 bond. Subsequently, on November 7, 2001, defendant withdrew his not-guilty plea and pled guilty to collection of credit by extortion or "loan sharking." On April 12, 2002, District Judge Leo Glasser sentenced defendant to twenty-four months imprisonment to be followed by three years of supervised release.

Defendant has again been indicted for loansharking. The superceding indictment states that "[i]n or about and between 2001 and June 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant Dominick Pizzonia, together with others, knowingly and intentionally made an extortionate extension of credit to John Doe #2..." (Superceding Indictment at 7-8). The fact that defendant engaged in loansharking while on pre-trial release in 2001 and 2002, demonstrates defendant's inability to abide by orders of the Court as well as conditions of release, which plainly and unambiguously include refraining from criminal activity.

I am persuaded, despite the defendant's age and his counsel's unflagging efforts to assert defendant's innocence at the September 30, 2005 bail hearing, that defendant poses an extreme danger to society. Defendant has exhibited a complete lack of respect or fear of bail revocation despite the fact that his continued criminal activity in 2001 and 2002 put $400,000 at risk of forfeiture. Defendant Pizzonia was morally unpersuaded to protect the assets of his sureties in 2001,

and I am under no belief that he would abide by any bail conditions I were to set in an effort to protect the assets that comprise the generous bail package proffered by his family and friends.

Where the bail package does not offer adequate assurance that the defendant will not violate the terms of his bail, the court is left to rely on the word of the defendant "that [he] will obey the conditions." See United States v. Millan, 4 F.3d 1039, 1049 (2d Cir. 1993). In United States v. Barnett, No. 03-CR-0243(NAM), 2003 WL 22143710, at *12 (N.D.N.Y. Sept. 17, 2003), the court astutely noted that "past behavior best predicts future behavior and whether the court can rely on a defendant's good faith promises. Therefore, an analysis of how a defendant has honored his criminal justice promises in the past is a critical component of the bail analysis." This Court is not prepared to rely on defendant's word that he will appear in court in the future and that he will refrain from criminal activity. Based on his previous behavior while released on bail, his "word" has no credence with this Court.

Additionally, I believe defendant does pose a risk of flight. He has been indicted in two murders. Defendant's current indictment alleges far more serious offenses than loansharking alone. If convicted, defendant Pizzonia can be sentenced up to life imprisonment on each of multiple counts of racketeering, conspiracy, and murder. While defendant voluntarily surrendered in 2002 to serve a two year sentence for his confessed loansharking, the charges he faces now present a much graver future for the defendant. The government has also implicated defendant in an ongoing investigation into a third murder. Defendant has every incentive to flee the jurisdiction, and his past violation of his 2001 bail package offers me no comfort that he would remain in the jurisdiction out of a moral duty to his sureties in the currently proffered bail package.

## CONCLUSION

Defendant has evinced a lack of respect or deference for bail restrictions in the past. He has not shown the proper concern for and gratitude to his sureties to safeguard their assets through the simple acts of good behavior and abstention from criminal activity. Thus, despite defendant's proffered bail package, I am not persuaded that, even with almost three million dollars worth of real-estate at stake, defendant would refrain from illegal activity or flight from the community.

In sum, I find by clear and convincing evidence that the defendant presents a danger to other persons and to the community, that he is a flight risk, and that no conditions of release contemplated by the Bail Reform Act will reasonably assure the safety of other persons and the community. Dominick Pizzonia will be detained pending trial. The government's motion for a permanent order of detention is granted.

SO ORDERED.

Dated: Brooklyn, New York
October 3, 2005

\_\_\_\_\_/s/_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE