

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

PAN:EMN                          *271 Cadman Plaza East*
F.#2007R00730                    *Brooklyn, New York 11201*

                                 July 13, 2011

By ECF

Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

                 Re:  United States v. Dominick Pizzonia
                      Criminal Docket No. 05-425 (JBW)

Dear Judge Weinstein:

          The government respectfully submits this letter in
opposition to the defendant Dominick Pizzonia's motion filed
pursuant to Rule 60(b)(5) of the Federal Rules of Civil
Procedure.

                          Background

          On May 11, 2007, the defendant was found guilty by a
jury of racketeering conspiracy, including predicate acts of
murder conspiracy and illegal gambling, in violation of 18 U.S.C.
§ 1962(d).  By judgment entered on October 2, 2007, the Court
sentenced the defendant to 15 years' imprisonment, to be followed
by three years of supervised release, and a $100 special
assessment.  The defendant appealed his conviction to the United
States Court of Appeals for the Second Circuit.  Following the
denial of his appeal, see United States v. Pizzonia, 577 F.3d 455
(2d Cir. 2009), the defendant filed a petition with the United
States Supreme Court for a writ of certiorari, which was
rejected, see Pizzonia v. United States, 130 S. Ct. 1088 (2010).
The defendant is currently incarcerated at the Federal Medical
Center in Butner, North Carolina.

          On May 31, 2011 the defendant filed the instant pro se
"Motion Pursuant to Rule 60(b)(5) of the Federal Rules of Civil
Procedure."[1]  Citing "a significant change in . . . factual

---

          [1]  The instant motion is the defendant's first post-
conviction petition for relief of which the government is aware.

conditions," <u>i.e.</u>, "his extraordinary medical condition that was present but unknown at sentencing," the defendant seeks resentencing. (Def. Mem. 2, 6). The defendant asserts that "there is a reasonable probability that he will require an organ transplant" and that "the BOP is unable to provide organ transplants to Pizzonia." (<u>Id.</u> at 4-5). The defendant also asserts that a shorter sentence is appropriate in light of certain provisions of the United States Sentencing Guidelines. (<u>Id.</u> at 4-6). The defendant seeks resentencing either to 81 months' imprisonment or to early release to home confinement "upon determination by a BOP employee doctor or BOP contract doctor that Pizzonia requires an organ transplant and that none is available while Pizzonia is in a BOP facility." (<u>Id.</u> at 6).

By order dated June 13, 2011, the Court directed the government to respond to the defendant's motion by July 13, 2011, affording the defendant the opportunity to reply by July 18, 2011, and scheduled a non-evidentiary hearing for July 27, 2011 at 10:00 a.m. (Docket Entry No. 274).

<u>Discussion</u>

Rule 60(b)(5) of the Federal Rules of Civil Procedure cannot provide the relief the defendant seeks. The rule applies only to civil matters and has no application in criminal cases. <u>See</u> <u>Negron v. United States</u>, 164 Fed. App'x. 158 (2d Cir. 2006) (upholding district court's dismissal of a <u>pro</u> <u>se</u> defendant's motion to vacate his conviction pursuant to Rule 60(b)(5) because "Rule 60(b) cannot afford Negron relief from his judgment of conviction in a criminal case").[2] Accordingly, the defendant's claim should be dismissed.

If the Court elects to do so, however, it may instead recharacterize the defendant's motion as having been brought pursuant 28 U.S.C. § 2255. <u>See</u> <u>Castro v. United States</u>, 540 U.S. 375 (2003). If it does so, the government respectfully requests that the Court first warn the defendant of the consequences of the recharacterization. Under <u>Castro</u>, "a district court may not recharacterize a pro se litigant's motion as a request for relief under § 2255 – unless the court first warns the <u>pro</u> <u>se</u> litigant about the consequences of the recharacterization, thereby giving the litigant the opportunity to contest the recharacterization." <u>Id.</u> at 377. <u>See also</u> <u>Adams v. United States</u>, 155 F.3d 582 (2d

---

[2] Negron's motion was originally brought before this Court and denied by order dated May 9, 2005. <u>See</u> <u>United States v. Negron</u>, Criminal Docket No. 99-1044 (JBW), Docket Entry No. 327.

Cir. 1998) (per curiam) (same).  The <u>Castro</u> warning is necessary because the defendant may be precluded from filing a successive petition under Section 2255 if his initial filing is treated as having been brought under that section.[3]

Conclusion

          Accordingly, the government respectfully requests that the Court dismiss the defendant's Rule 60(b)(5) motion.  In the alternative, if the Court intends to recharacterize the motion as having been filed pursuant to 28 U.S.C. § 2255, the government respectfully requests that the Court first inform the defendant of the consequences of recharacterization and that the government's response be enlarged to three weeks following the date on which the government is notified that the defendant intends to proceed under Section 2255.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                    By:  _____/s/_____
                              Evan M. Norris
                              Assistant U.S. Attorney
                              (718) 254-6376

cc:  Clerk of Court (JBW) (by ECF)
     Dominick Pizzonia (by certified mail)
          Register No. 60254-053
          Federal Medical Center
          P.O. Box 1600
          Butner, NC 25709

---

     [3]  In the event the defendant's claim is recharacterized, it would still ultimately fail.  "[C]laims of inadequate medical treatment are 'not cognizable in a federal habeas corpus proceeding.'"  <u>Ruiz v. United States</u>, Criminal Docket No. 94-392 (LAP), 2000 WL 1029186, at *1 (S.D.N.Y. July 24, 2000) (quoting <u>United States v. Sisneros</u>, 599 F.2d 946, 947 (10th Cir. 1979)). Moreover, the defendant's reliance on various Guideline departure provisions is inapposite, as (absent limited circumstances not present here) a departure cannot be granted following sentencing. <u>See</u> <u>Kornegay v. Federal Bureau of Prisons</u>, Civil Docket No. 07-3990 (ARR), 2007 WL 2907326 (E.D.N.Y. Oct. 4, 2007) (rejecting Section 2241 petition seeking reduction under court's departure authority on grounds of harsh conditions of confinement).